IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MAHONEY, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| YARDLEY INSURANCE SERVICES, INC. *Defendant* | : : | No. 20-3938 |

### ORDER

AND NOW, this 1st day of August, 2023, upon consideration of the docket and it appearing that no action has been taken in this case since August 13, 2020, it is hereby **ORDERED** that the case is **DISMISSED WITH PREJUDICE**.[1]

---

[1] Mr. Mahoney filed his complaint against Yardley Insurance Services, Inc. on August 12, 2020. Doc. No. 1. On August 13, 2020, Mr. Mahoney issued summons and served Yardley with a copy of the complaint via e-mail. Yardley did not return the summons executed, nor has Yardley entered an appearance. There are no subsequent docket entries following this August 13, 2020 docket entry regarding summons.

"Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a litigant fails to prosecute his case or to comply with a court order." *See Semulka v. Doe*, 373 F. App'x 138, 140 (3d Cir. 2010); *accord Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power' . . . ."). Before doing so, the Court balances the following factors: "(1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Mr. Mahoney—as the plaintiff and the only party with counsel that has entered an appearance—is responsible for moving this case forward. His apparent failure to attempt service on Yardley again after it did not return the summons executed or enter an appearance in this case has, unfortunately, frustrated the progression and resolution of this case for nearly three years. Although the Court cannot find that Mr. Mahoney has willfully engaged in dilatory conduct or acted in bad faith, given the early stage of the case here, there are no lesser sanctions that would be more effective in these circumstances, nor can the Court determine the meritoriousness of Mr. Mahoney's claims. Acknowledging that there is no "magic formula" or "mechanical calculation" in balancing these factors, the Court finds that dismissal with prejudice is appropriate. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008). The Court notes that dismissal is with prejudice because Mr. Mahoney's allowing of this case to languish for almost three years suggests that he is no longer interested in pursuing his claims against Yardley.

The Clerk of Court is directed to mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:

_____
GENE E.K. PRATTER
United States District Judge